IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| GEORGE EDWARDS III and JUDI ERVIN, a married couple, | No. 88940-1-I |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| BENDARE DUNDAT, INC., | |
| Respondent. | |

BOWMAN, A.C.J. — George Edwards III and Judi Ervin (collectively Edwards) appeal summary judgment dismissal of their lawsuit for timber trespass and negligence. Edwards argue the trial court erred by ruling that Bendare Dundat Inc. (BDI) had lawful authority to cut tree roots encroaching onto BDI's property and owed no duty to do so in a manner that would not harm their trees. We affirm.

FACTS

Edwards own real property in Seattle. BDI owns a lot next to Edwards' property. A fence divides the two properties at the boundary line, and three trees sit on Edwards' property along the fence. In 2024, BDI began developing its land in preparation for construction. In doing so, BDI's workers dug a trench along the fence line. While digging, the workers encountered the roots of Edwards' trees

encroaching onto BDI's property. They cut the roots, which were up to eight inches in diameter, four feet from the tree trunks.[1]

In December 2024, Edwards complained to the city of Seattle about BDI cutting the roots. In January and February 2025, Edwards and BDI each hired arborists to assess whether cutting the roots harmed the trees. Edwards' arborist, Zeb Haney, reported that the cutting "severely impacted the longevity of the . . . Trees and made them significantly more likely to die or fall in the next five years." So, he recommended their removal because the "root loss occurred too close to the trees for long-term survivability." Meanwhile, BDI's arborist, Katie Hogan, stated that "four significant structural roots" were cut, provided recommendations to keep the trees healthy, and recommended reevaluation after "significant wind events." She gave the trees a "moderate" risk rating with a "possible" likelihood of failure and "severe" consequences if the trees fell.

On March 25, 2025, the Seattle Department of Construction and Inspections (SDCI) investigated Edwards' complaint and issued a "Notice of Violation" to BDI. The notice alleged that BDI violated three provisions of Seattle Municipal Code's (SMC's) "Tree Protection Ordinance" by cutting the roots of two nonexempt trees without SDCI approval under BDI's construction permit. SDCI assessed an appealable penalty of $15,120 and required BDI to submit a site remediation plan "to restore the unlawfully damaged areas."

---

[1] Edwards and BDI dispute whether BDI cut roots to two or all three of Edwards' trees. That disputed fact is not material to our analysis.

On April 28, 2025, Edwards sued BDI, alleging timber trespass under RCW 64.12.030 and negligence.[2] Edwards argued that BDI cut the roots without lawful authority and in disregard for the health of their trees. On September 19, BDI moved for summary judgment, arguing that it had lawful authority to abate the nuisance of Edwards' roots encroaching onto its property and that it owed no duty of care to Edwards' trees under a negligence theory. In response, Edwards argued that BDI had no lawful authority to cut the roots because they were protected under the SMC. Edwards later supplemented its argument with evidence of the SDCI's March 25 Notice of Violation.

On October 17, 2025, the trial court granted summary judgment for BDI. The court ruled that BDI had lawful authority to cut the roots to its property line without restriction and that it owed no common law duty of care to Edwards' trees.

Edwards appeal.

ANALYSIS

Edwards argue that the trial court erred by dismissing their timber trespass and negligence claims. We disagree.

We review a trial court's granting of summary judgment de novo, performing the same inquiry as the trial court. *Pendergrast v. Matichuk*, 186 Wn.2d 556, 563-64, 379 P.3d 96 (2016); *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). We also interpret statutes de novo. *See N.*

---

[2] Edwards also alleged they owned the strip of land with the trees by adverse possession and asked the court to quiet title to them. On June 30, 2025, the parties stipulated to an order quieting title to the land in favor of Edwards.

*Coast Elec. Co. v. Signal Elec., Inc.*, 193 Wn. App. 566, 571, 373 P.3d 296 (2016). Summary judgment is appropriate when " 'there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.' " *Harper v. Dep't of Corr.*, 192 Wn.2d 328, 340, 439 P.3d 1071 (2018) (quoting *Hertog*, 138 Wn.2d at 275). We "consider 'facts and reasonable inferences from the facts . . . in the light most favorable to the nonmoving party.' " *Id.*[3] (quoting *Hertog*, 138 Wn.2d at 275).

A defendant moving for summary judgment can challenge whether the plaintiff can produce competent evidence to support the essential elements of their claim. *Boyer v. Morimoto*, 10 Wn. App. 2d 506, 519, 449 P.3d 285 (2019). The plaintiff must then provide sufficient evidence to support those elements. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The plaintiff may not rely on the allegations in their pleadings. *Id.* Instead, the plaintiff must respond with evidence setting forth specific facts to show that there is a genuine issue for trial. *Id*. at 225-26.

Under the timber trespass statute, RCW 64.12.030, it is unlawful for any person to "cut down, girdle, or otherwise injure, or carry off any tree, . . . timber, or shrub on the land of another person . . . without lawful authority." If a person violates the statute, "any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed." *Id.* Timber trespass is a strict liability statute, which "imposes a duty to compensate all harms proximately caused by acts that injure trees." *Porter v. Kirkendoll*, 194 Wn.2d 194, 208-09, 449 P.3d 627 (2019).

---

[3] Alteration in original.

Citing *Mustoe v. Ma*, 193 Wn. App. 161, 371 P.3d 544 (2016), BDI argues that it acted with lawful authority when it cut the encroaching tree roots to abate a nuisance.[4] In that case, the plaintiff's neighbor dug a ditch along her property line, removing roots around three to four feet from the trunks of her mature trees. *Id.* at 163. Nearly half of the trees' roots were destroyed. *Id.* The plaintiff sued, alleging timber trespass. *See id.* at 164. We concluded the neighbor acted with lawful authority, as it is well established in this state that "an adjoining landowner can engage in self-help and trim the branches and roots of a neighbor's tree that encroach onto his or her property." *Id.* at 164-65.

This case is like *Mustoe*. BDI encountered Edwards' roots while digging a ditch along its fenceline. As an adjoining landowner, BDI had lawful authority to engage in self-help and remove the roots that encroached on its property.

Edwards disagree, arguing that BDI acted "without lawful authority" under RCW 64.12.030 because it removed the roots in violation of the SMC. But when interpreting the plain language of a statute, we must read it as a whole, considering the surrounding context. *Dan's Trucking, Inc. v. Kerr Contractors, Inc.*, 183 Wn. App. 133, 139, 332 P.3d 1154 (2014). And RCW 64.12.030 is a trespass statute aimed at protecting private property rights by discouraging persons from "carelessly or intentionally removing another's merchantable shrubs or trees on the gamble that the enterprise will be profitable if actual damages only are incurred." *Guay v. Wash. Nat. Gas Co.*, 62 Wn.2d 473, 476,

---

[4] Amicus curiae the Master Builders Association of King and Snohomish Counties filed a brief in support of BDI's argument.

383 P.2d 296 (1963). In that context, RCW 64.12.030's language "without lawful authority" means acting without the authority or permission to impose on the property rights of another, not whether the imposition occurred in compliance with local municipal codes. And here, BDI had lawful authority to remove Edwards' roots without their permission as self-help to abate a nuisance on its property. So, no trespass occurred. Whether BDI did so in a manner consistent with local ordinances is unrelated to the alleged trespass.[5]

Still, Edwards argue that *Mustoe* is now an outlier among timber trespass cases, as our Supreme Court has engaged in a "long-standing trend" of "expanding the potential liability for timber trespass." Edwards point to several cases to support their argument. *See Birchler v. Castello Land Co.*, 133 Wn.2d 106, 942 P.2d 968 (1997); *Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 278 P.3d 157 (2012); *Broughton Lumber Co. v. BNSF Ry. Co.*, 174 Wn.2d 619, 278 P.3d 173 (2012); *Porter*, 194 Wn.2d at 194. But none of these cases conflict with our holding in *Mustoe*.

In *Birchler*, our Supreme Court concluded that emotional distress damages are recoverable under the timber trespass statute. 133 Wn.2d at 116. In *Jongeward* and its companion case, *Broughton*, our Supreme Court held that a

---

[5] Edwards argue that even if BDI acted with lawful authority, the trial court erred by dismissing their negligence claim because BDI did not use reasonable care when cutting the roots. Edwards point to the SMC violation. But Edwards' negligence claim must be supported by a duty. *Chaudhry v. Day*, 31 Wn. App. 2d 225, 230, 548 P.3d 279 (2024) (citing *Sjogren v. Props. of Pac. Nw., LLC*, 118 Wn. App. 144, 148, 75 P.3d 592 (2003)). And in *Mustoe*, we rejected the argument that a landowner's right to self-help against encroaching roots and branches should be cushioned by a duty of due care to prevent damage to the neighbor's trees. 193 Wn. App. at 166-67. As a result, the trial court did not err by dismissing Edwards' negligence claim.

defendant need not be physically present on a plaintiff's property to commit timber trespass because the trespass is to the tree, not the land. *Jongeward*, 174 Wn.2d at 606; *Broughton*, 174 Wn.2d at 623 n.1, 640. And in *Porter*, the court held that timber trespass is a strict liability tort that does not require evidence of negligence or intent. 194 Wn.2d at 208-09. None of these cases conflict with our holding in *Mustoe* that a property owner acts with lawful authority when clipping encroaching roots on their property. 193 Wn. App. at 164-65. Indeed, our Supreme Court established the right to self-help when abating such a nuisance over 100 years ago. *See Gostina v. Ryland*, 116 Wash. 228, 233, 199 P. 298 (1921).

Because BDI acted with lawful authority under the timber trespass statute when it cut the roots of Edwards' trees and owed no duty of care to the trees, we affirm the trial court's dismissal of Edwards' lawsuit at summary judgment.

_____, ACJ

WE CONCUR:

_____          _____
Birk, J.                  Chung, J.